UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 8797

SAN SAN FUNG,

           Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT,
THE CITY OF NEW YORK, DETECTIVE BENNIE
VANCE, (SHIELD NO. 00000), DETECTIVE "JOHN
DOE" and POLICE OFFICER "JANE DOE",

           Defendants.

JURY TRIAL DEMANDED
Judge Hellerstein

COMPLAINT

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983



OCT 12 2007
U.S.D.C. S.D. N.Y.
CASHIERS

SAN SAN FUNG ("Plaintiff"), by her attorney Robert P. Kelly, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff (hereinafter "Fung"), was and still is a resident of the County of New York, in the City and State of New York.

2. At all times relevant and material herein, the defendant, City of New York hereinafter "CITY" was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

3. At all times relevant and material herein, the defendant Detective Bennie Vance hereinafter "Vance" was an employee of the Police Department of the City of New York.

4. At all times relevant and material herein, the defendant Detective "John Doe" was an employee of the Police Department of the City of New York.

rpk:fung.complaint

- 1 -

5. At all times relevant and material herein, the defendant Police Officer "Jane Doe" was an employee of the Police Department of the City of New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983.

7. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant "CITY" is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIM

9. At all times relevant and material herein, the defendant "CITY" operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

10. At all times relevant and material herein, the defendants were each employees of the Police Department of the City of New York.

11. That at all times hereinafter mentioned and upon information and belief, the defendant "CITY", employed and supervised the defendants.

rpk:fung.complaint

12. Upon information and belief, the defendants were graduates of the Police Academy of the City of New York.

13. At all times relevant hereto, the defendant City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendants Detectives "Vance" and "John Doe", and Police Officer "Jane Doe", to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiff herein.

14. In addition, at all times relevant hereto, the defendant "CITY" had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendants Detectives "Vance" and "John Doe", and Police Officer "Jane Doe", in the protection of the rights of plaintiff under the Constitution of the United States of America.

15. At all times hereinafter mentioned, upon information and belief, the defendants were acting in their capacities as employees, agents and/or servants of the defendant of "CITY".

16. At all times hereinafter mentioned, the defendants were acting under the color of State law.

17. At all times hereinafter mentioned, the defendants acts constituted State action.

18. On or about July 15, 2006, the plaintiff was lawfully working at her place of business in the County of New York, City and State of New York.

19. Additionally, on or about July 15, 2006, the defendants were on duty and/or acting as employees, agents or servants of the defendant "CITY", and were also present at the same time in the same place as the plaintiff "Fung", as aforesaid.

20. At approximately 4:00 p.m, on or about July 15, 2006, the defendants did place plaintiff "Fung" under arrest.

21. Without probable or just cause, grounds or provocation, defendants falsely arrested the plaintiff "Fung" and sought her prosecution for, a violation of New York State Penal Law §165.72, Trademark Counterfeiting in the Second Degree, accordingly plaintiff was incarcerated.

22. By reason of the foregoing acts by the defendants, plaintiff "Fung" was injured and suffered, and upon information and belief, will continue to suffer pain and anguish.

23. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

24. By the reason of the foregoing, plaintiff was compelled to, and did necessarily require medial attention including psychiatric care and did necessarily pay and become liable therefore. And upon information and belief, plaintiff will necessarily incur additional expenses.

25. By reason of the foregoing, plaintiff was forced to expend sums for counsel fees as a result of her arrest referred to above.

26. That at the request of the New York County District Attorney (NYCDA) the entire case arising from the above referenced prosecution was dismissed with prejudice on September 22, 2006.

rpk:fung.complaint

## ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

27. Before the commencement of this action, and within 90 days of the arrest herein, a Notice of Claim containing the information required by law was duly served upon the defendant "CITY".

28. That on February 14, 2007, a hearing pursuant to New York State's general municipal Law §50-h, was held.

29. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant "CITY", and said defendant has neglected and/or refused to make payment or adjustment thereof.

30. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## FIRST CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C 1983 FOR FALSE ARREST UNDER COLOR OF STATE LAW)

31. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effects as if fully set forth.

32. The defendants' arrest of plaintiff was unlawful, unwarranted, unnecessary and violated plaintiff's rights under the Constitution.

33. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

## SECOND CLAIM FOR RELIEF
### (UNLAWFUL IMPRISONMENT)

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

35. The defendants are liable for unlawful imprisonment to plaintiff.

36. As a result thereof, plaintiff is entitled to judgment in the amount of 1,500,000.00.

## THIRD CLAIM FOR RELIEF
### (MALICIOUS PROSECUTION)

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

38. The defendants are liable for malicious prosecution to plaintiff.

39. As a result thereof, plaintiff is entitled to judgment the amount of $1,500,000.00.

## FOURTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

40. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

41. The defendants' conduct in arresting plaintiff was careless and negligent as to the emotional health of plaintiff.

rpk:fung.complaint

42. The defendants are liable for negligent infliction of emotional distress to plaintiff.

43. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

45. The defendant "CITY" was negligent in its operation, management, supervision and control of its police department; in the training and conduct of its officer's at the aforesaid location; as a result of its employees' false arrest, unlawful imprisonment and malicious prosecution of the plaintiff.

46. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount $1,500,000.00, and plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event plaintiff is a prevailing party, attorneys fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated: October 4, 2007

rpk:fung.complaint

Yours, etc.,

*/s/ Robert P. Kelly*

ROBERT P. KELLY, ESQ. (RK0044)
KELLY & RUBIN, LLP.
275 SEVENTH AVENUE
SUITE 1505
NEW YORK, NY, 10001

rpk:fung.complaint