UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SAN SAN FUNG,

                            Plaintiff,

         -against-

THE NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, DETECTIVE BENNIE VANCE, (SHIELD NO. 0000), DETECTIVE "JOHN DOE" and POLICE OFFICER "JANE DOE",

                            Defendants.

**ANSWER OF DEFENDANTS, THE NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK AND DETECTIVE BENNIE VANCE**

07 Civ. 8797 (AKH)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------ x

        Defendants The New York City Police Department, The City of New York and Detective Bennie Vance, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiff's complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

        2.    Admit the allegations set forth in paragraph 2 of the complaint.

        3.    Admit the defendant Detective Bennie Vance is a detective employed by the New York City Police Department. Deny the remainder of the allegations set forth in paragraph 3 of the complaint.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

        5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

- 2 -

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

8. Deny the allegations set forth in paragraph 8 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

9. Admit that the City of New York is a municipality and that it maintains a police department. The remainder of the allegations set forth in paragraph 9 of the complaint are legal conclusions to which no responses are required.

10. Admit the defendant Detective Bennie Vance is a detective employed by the New York City Police Department. Deny the remainder of the allegations set forth in paragraph 10 of the complaint.

11. The allegations set forth in paragraph 11 of the complaint are legal conclusions to which no responses are required.

12. Admit that the defendant Detective Bennie Vance attended the Police Academy of the City of New York. Deny the remainder of the allegations set forth in paragraph 12 of the complaint.

13. The allegations set forth in paragraph 13 of the complaint are legal conclusions to which no responses are required.

z

14. The allegations set forth in paragraph 14 of the complaint are legal conclusions to which no responses are required.

15. The allegations set forth in paragraph 15 of the complaint are legal conclusions to which no responses are required.

16. The allegations set forth in paragraph 16 of the complaint are legal conclusions to which no responses are required.

17. The allegations set forth in paragraph 17 of the complaint are legal conclusions to which no responses are required.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Admit that on July 15, 2006, the defendant Detective Bennie Vance was a detective employed by the New York City Police Department. Deny the remainder of the allegations set forth in paragraph 19 of the complaint as legal conclusions.

20. Admit that on July 15, 2006, plaintiff was arrested. The remainder of the allegations set forth in paragraph 20 of the complaint are legal conclusions to which no responses are required.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Admit the allegations set forth in paragraph 28 of the complaint.

29. The allegations set forth in paragraph 29 of the complaint are legal conclusions to which no responses are required.

30. The allegations set forth in paragraph 30 of the complaint are legal conclusions to which no responses are required.

31. In response to the allegations set forth in paragraph 31 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. In response to the allegations set forth in paragraph 37 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. In response to the allegations set forth in paragraph 40 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. In response to the allegations set forth in paragraph 44 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. Defendant Detective Bennie Vance is protected by the doctrine of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by her failure to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. Any injury alleged to be sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. At all times relevant to the acts alleged in the complaint, defendant Vance acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. The New York City Police Department is not a suable entity.

WHEREFORE, defendants City of New York, the New York City Police Department and Detective Bennie Vance respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           December February 6, 2008

                                        MICHAEL CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        100 Church Street
                                        New York, New York 10007

                                   By:  /s/ Mark Zuckerman
                                        MARK ZUCKERMAN
                                        Senior Counsel (212) 442-8248

To: Robert P. Kelly
    Kelly and Rubin, LLP
    275 Seventh Ave., Ste. 1505
    New York, New York 10001